## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOSEPH A. POSSIDENTO,     Plaintiff, | ::: |
| v. | :   Case No. 3:12-cv-01092 (JAM): |
| YANKEE GAS SERVICES CO,     Defendant. | :: |

**RULING ON DEFENDANT'S PARTIAL MOTION TO DISMISS [Doc. #11]**

Defendant moves to dismiss Counts Six and Seven of the complaint. For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept as true all factual matter alleged in a complaint, although a complaint may not survive unless its factual recitations state at least a plausible claim for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Betts v. Shearman*, 751 F.3d 78, 84 (2d Cir. 2014).

Defendant seeks dismissal of Count Six of the complaint, which asserts gender discrimination, retaliation, and hostile work environment claims arising under Title VII of the Civil Rights Act of 1964. The complaint alleges disability discrimination and does not further allege any facts that would plausibly support the asserted Title VII claims. Title VII protects employees from discrimination because of race, religion, color, sex, or national origin. 42 U.S.C. § 2000e-2(a); *Vance v. Ball State Univ.*, 133 S. Ct. 2434, 2440 (2013); *Desardouin v. City of Rochester*, 708 F.3d 102, 105 (2d Cir. 2013). None of plaintiff's factual allegations in either his federal court or his CHRO complaint concern discrimination on the ground of any status or conduct protected by Title VII; both complaints are silent regarding maltreatment based on sex or gender. *See* Doc. #1 (Compl. ¶¶ 1–38); *see also* Doc. #16-1 at 9–11; Doc. #16-3. As plaintiff has failed to allege discrimination that is actionable under Title VII, Count Six of the complaint

is dismissed. *See Millspaugh v. Connecticut Water Serv., Inc.*, No. 3:07CV871(CFD), 2008 WL 906842 (D. Conn. Mar. 31, 2008) (dismissing Title VII claim based on allegation that plaintiff "was subjected to workplace discrimination for reasons of his physical impairment," because "[plaintiff] failed to allege discrimination that is actionable under Title VII"). Accordingly, the motion to dismiss Count Six is granted.

Defendant also seeks dismissal of Count Seven, which alleges a claim of intentional infliction of emotional distress. A plaintiff claiming intentional infliction of emotional distress must establish four elements:

> (1) that the actor intended to inflict emotional distress or that he knew or should have known that emotional distress was the likely result of his conduct; (2) that the conduct was extreme and outrageous; (3) that the defendant's conduct was the cause of the plaintiff's distress; and (4) that the emotional distress sustained by the plaintiff was severe.

*Perez-Dickson v. City of Bridgeport*, 304 Conn. 483, 526–27, 43 A.3d 69 (2012) (quoting *Appleton v. Bd. of Educ. of Town of Stonington*, 254 Conn. 205, 210, 757 A.2d 1059 (2000)). As the Connecticut Supreme Court has further explained, "[w]hether a defendant's conduct is sufficient to satisfy the requirement that it be extreme and outrageous is initially a question for the court to determine," and "[o]nly where reasonable minds disagree does it become an issue for the jury." *Id.* at 527 (quoting *Appleton*, 254 Conn. at 210). Moreover, the standard for conduct that suffices to establish a claim of intentional infliction of emotional distress is high:

> Liability for intentional infliction of emotional distress requires conduct that exceeds all bounds usually tolerated by decent society. . . . Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, Outrageous! . . . Conduct on the part of the defendant that is merely insulting or displays bad manners or results in hurt feelings is insufficient to form the basis for an action based upon intentional infliction of emotional distress.

*Ibid.* (quoting *Appleton*, 254 Conn. at 210–11).

Here, the complaint alleges that plaintiff was known by defendant to be disabled but that there was no reasonable accommodation given. Plaintiff, for example, was forced to use vacation time instead of sick time when he could not be at work because of his disability. Doc. #1 (Compl. ¶¶ 10–13). Defendant "further indicated that it would closely scrutinize and monitor the plaintiff, and would take additional steps to discipline the plaintiff for further medical leave, which it falsely termed 'excessive absenteeism.'" *Id.* (Compl. ¶ 18). The complaint further alleges that plaintiff was overcome by toxic fumes while working one day for defendant and that he was taken to the hospital, but that thereafter defendant "redoubled its campaign of harassment and retaliation against the plaintiff" and "continued to force the plaintiff to work under conditions [that] exacerbated his breathing disability," before terminating his employment. *Id.* (Compl. ¶¶ 28–33). At this procedural stage of a motion to dismiss, I must credit plaintiff's allegations on their face, and I think a reasonable jury could conclude that these allegations—if proven—are disturbing enough to support a claim for intentional infliction of emotional distress. Accordingly, the motion to dismiss Count Seven is denied.

The defendant's partial motion to dismiss **(Doc. #11)** is **GRANTED** as to Count Six and **DENIED** as to Count Seven.

It is so ordered.

Dated at Bridgeport this 28th day of July 2014.

/s/        Jeffrey Alker Meyer
Jeffrey Alker Meyer
United States District Judge